# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **H-W Technology L.C.,** | **CIVIL ACTION NO.** |
| Plaintiff, | |
| v. | |
| **Overstock.com, Inc.** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff H-W Technologies, LLC (together "H-W" or "Plaintiff"), as and for its Complaint against Overstock.com, Inc. ("Overstock.com" or "Defendant"), demand a trial by jury and allege as follows:

## PARTIES

1.  Plaintiff H-W Technology, L.C. is a Texas corporation having a principal place of business at 4601 13TH Street, Lubbock, TX 79416.

2.  On information and belief, Defendant Overstock.com is a Delaware corporation with its principal place of business at 6350 S. 3000 East, Salt Lake City, UT 84121. This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process. Overstock.com regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Overstock.com has transacted business in this district, and has committed acts of patent infringement in this district, including via its website and its smartphone application.

5. On information and belief, Overstock.com is subject to this Court's general and specific personal jurisdiction because: Overstock.com has minimum contacts within the State of Texas and the Northern District of Texas, including via its website, pursuant to due process and/or the Texas Long Arm Statute, Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Northern District of Texas; Overstock.com regularly conducts and solicits business within the State of Texas and within the Northern District of Texas; and H-W's causes of action arise directly from Overstock.com's business contacts and other activities in the State of Texas and in the Northern District of Texas.

6. More specifically, Overstock.com, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Northern District of Texas. On information and belief, Overstock.com has committed patent infringement in the State of Texas and in the Northern District of Texas. Overstock.com solicits customers in the State of Texas and in the Northern District of Texas. Overstock.com has customers who are

residents of the State of Texas and the Northern District of Texas and who use Overstock.com's products and services in the State of Texas and in the Northern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,525,955

7. H-W is the owner of all rights, title and interest to United States Patent No. 7,525,955 ("the '955 Patent") entitled "Internet Protocol (IP) Phone with Search and Advertising Capability."  The '955 Patent was issued on April 28, 2009 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '955 Patent was filed on March 17, 2005 and benefits from a priority date of March 19, 2004.  Attached as Exhibit A is a copy of the '955 Patent.

8. The '955 Patent is generally directed to novel, unique and non-obvious systems and methods of using a multi-convergence device, including phones commonly referred to as "smartphones", which are able to converge voice and data within a single terminal, and which allow users of such devices via domain specific applications to receive information and offers from merchants and to complete a transaction with one of said merchants without having to generate a voice call.

9. On information and belief, Defendant Overstock.com has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.  On information and belief, examples of Overstock.com products that infringe the '955 Patent include, but are not limited to, the Overstock smartphone domain specific application that allow smartphone users to connect to an Overstock.com server,

as well as the server or servers which host the Overstock.com smartphone domain specific application that allow users to complete a merchant transaction without the need to generate a voice call. Defendant Overstock.com is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

10. To the extent that facts learned in discovery show that Overstock.com's infringement of the '955 Patent is or has been willful, H-W reserves the right to request such a finding at time of trial.

11. As a result of Overstock.com's infringement of the '955 Patent, H-W has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Overstock.com's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Overstock.com and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '955 Patent, H-W will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, H-W respectfully requests that this Court enter:

A. A judgment in favor of H-W that Overstock.com has infringed the '955 Patent, and that such infringement was willful;

B. A permanent injunction enjoining Overstock.com and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '955 Patent;

C. A judgment and order requiring Overstock.com to pay H-W its damages, costs, expenses, and prejudgment and post-judgment interest for Overstock.com infringement of the '955 Patent as provided under 35 U.S.C. § 284;

D. An award to H-W for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to H-W its reasonable attorneys' fees; and

F. Any and all other relief to which H-W may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

H-W, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 1, 2012 Respectfully submitted,

**H-W TECHNOLOGY, L.C.**

/s/ Winston O. Huff

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Arthur I. Navarro
State Bar No. 00792013
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
whuff@navarrohuff.com
anavarro@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
H-W TECHNOLOGY, L.C.

## **CERTIFICATE OF FILING**

      I hereby certify that on March 1, 2012 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

      Respectfully submitted,

      /s/ Winston O. Huff

      Winston O. Huff, Attorney in Charge
      State Bar No. 24068745
      Arthur I. Navarro
      State Bar No. 00792013
      Navarro Huff, PLLC

      302 N. Market, Suite 450
      Dallas, TX 75202
      214.749.1220 (Firm)
      214.749.1233 (Fax)
      whuff@navarrohuff.com
      anavarro@navarrohuff.com

      ATTORNEYS FOR PLAINTIFF
      H-W TECHNOLOGY, L.C.