**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **H-W TECHNOLOGY, L.C.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-636-G** |
| | § | |
| **OVERSTOCK.COM, INC.,** | § | |
| **Defendant.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By standing order of reference dated March 5, 2012, this case has been referred for pretrial

management, including the determination of non-dispositive motions and issuance of findings of fact

and recommendations on dispositive motions.  Before the Court is *Defendant Overstock.com, Inc.'s*

*Motion for Summary Judgment*, filed February 21, 2013 (doc. 28).  Based on the relevant filings and

applicable law, the motion for summary judgment should be **GRANTED** as to Plaintiff's claims of

infringement under Claims 9 and 17 of the '955 patent, and **DENIED as moot** as to Defendant's

patent misuse defense.

**I.  BACKGROUND**

H-W Technology, Inc. (Plaintiff) sues Overstock.com, Inc. (Defendant) for patent

infringement pursuant to 35 U.S.C. §1 et seq.  (*See* doc. 1.)  The United States Patent and Trademark

Office (PTO) issued United States Patent No. 7,525,955, entitled "Internet Protocol (IP) Phone with

Search and Advertising Capability" (the '955 patent) on April 28, 2009.  (*Id*. at 3.)  The '955 patent

is allegedly "directed to novel, unique and non-obvious systems and methods of using a multi-

convergence device, including phones commonly referred to as 'smartphones', which are able to

converge voice and data within a single terminal, and which allow users of such devices via domain

specific applications to receive information and offers from merchants and to complete a transaction

with one of said merchants without having to generate a voice call." (*Id.*)  The '955 patent contains

24 patent claims, consisting of three independent claims (Claims 1, 9, and 17) and 21 dependent

claims.  (Doc. 1-1 at 43-44.)

On March 1, 2012, Plaintiff filed this patent infringement action, alleging it owns all the

rights to the '955 patent, and that Defendant has infringed the '955 patent. (Doc. 1 at 3.) Defendant

filed a counterclaim seeking a declaration that it is not infringing the '955 patent and that the '955

patent is invalid and unenforceable.  (Doc. 12 at 1, 5-8.)

Defendant now moves for summary judgment.  (*See* docs. 28; 29.)  The motion has been

fully briefed and is ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.

The movant makes a showing that there is no genuine issue of material fact by informing the court

of the basis of its motion and by identifying the portions of the record which reveal there are no

genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In a case in which

"the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant

he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential

elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780

F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in its favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 56(c)(1)).

## III. INFRINGEMENT CLAIMS

Defendant moves for summary judgment as to Plaintiff's infringement claims on grounds that Claims 9 and 17 of the ' 955 patent are invalid for indefiniteness. (Doc. 29 at 5.)

## A.      Indefiniteness

Under Section 112 paragraph 2 of the Patent Act, a claim must "particularly point[ ] out and distinctly claim[ ] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. If it does not, it is indefinite and invalid. *Id.*; *see also Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008); *Sipco, LLC v. Datamatic, Ltd.*, No. 6:09CV532-LED-JDL, 2011 WL 1742669, *3 (E.D. Tex. May 6, 2011). The definiteness requirement of Section 112, paragraph 2 is intended to ensure that the claims "adequately perform their function of notifying the public of the patentee's right to exclude." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000)); *see also* 3 Donald S. Chisum, *Chisum on Patents*, § 8.03, at 8-14 (2000) ("The primary purpose of this requirement of definiteness in claims is to provide clear warning to others as to what constitutes infringement of the patent."). A claim is presumed valid and is therefore only indefinite if it is "insolubly ambiguous, and no narrowing construction can properly be adopted." *Exxon Research & Eng'g v. U.S.*, 265 F.3d 1371, 1375 (Fed. Cir. 2001); *see also Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338-39 (Fed. Cir. 2003). Stated differently, a claim is not indefinite merely because it is difficult to construe; instead, it is indefinite only when it is "not amenable to construction" or when "reasonable efforts at claim construction prove futile[.]" *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005) (citing *Exxon Research & Eng'g.*, 265 F.3d at 1375). Whether a claim is indefinite and therefore invalid is a question of law for the court. *Amtel Corp. v. Info Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999). However, "[t]o the extent there are any factual findings upon which a trial court's indefiniteness conclusion depends, they must be proven by the challenger by clear and convincing evidence." *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008).

**B.**       **Claim 9**

Defendant contends that Claim 9 as issued is indefinite and invalid because it omitted

necessary language required for the patent claim.  (Doc. 29 at 5.)  It argues that the error is not

evident from the face of the patent, and that the Court lacks the authority to correct the PTO's

mistake.  (*Id*. at 8-10.)  Plaintiff contends that the error is subject to correction by the Court–e.g., it

is evident from the face of the patent.  (Doc. 32 at 9-12.)  Specifically, Plaintiff maintains that the

missing language appears in Claim 1 of the '955 patent, and that the specification makes clear that

the no-call feature is a necessary limitation of the claimed method.  (*Id*. at 11.)

> Claim 9 of the '955 patent *as approved* by the USPTO for issuance, reads as follows:
>
> A method for performing contextual searches on an Internet Phone [sic] (IP) phone comprising the steps of:
>
> receiving a command to perform a contextual search;
>
> receiving search criteria from a user of said IP phone;
>
> submitting said search criteria to a server coupled to said IP phone; and
>
> receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list;
>
> **wherein said user completes a transaction with at least one of said merchants listed without the need to generate a voice call;**
>
> wherein said information received by said user comprises a variety of offers, wherein said user selected one of said variety of offers associated with said one of said merchants listed, wherein said selected offer is transmitted to said one of said merchants listed electronically;
>
> and wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is available to said one of said merchants listed.

(docs. 29-2 at 43; 29-3 at 8-9) (emphasis added).  However, as *issued*, Claim 9 omitted the method

step set out in boldface type. (*Id*.) Claim 9, uncorrected, fails to delineate the no-call feature as

intended by Plaintiff and approved by PTO. The confusion is exacerbated when Claim 9 is analyzed

together with its dependant Claim 14, where it describes a method of contacting the merchants under

Claim 9 as "initiating a telephone call to said selected merchant via one of a wireless network, a

voice network, a public switched telephone network and a data network." (Doc.  1-1 at 43.)

Therefore, Claim 9 does not "adequately perform [its] function of notifying the public of the

patentee's right to exclude." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir.

2000)); *see Group One, Ltd.  v.  Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed.  Cir.  2005)

(affirming that the patent claim was invalid because the language essential to the patent was missing

and the plaintiff had failed to correct it); *see also Allen Engineering Corp.  v.  Bartell Industries,

Inc.*, 299 F.3d 1336, 1349 (Fed.  Cir. 2002) (holding that when the plain language of the claims are

inconsistent with the specification, the claims are invalid for not properly claiming what the inventor

regards as his invention).

"It is not [a court's] function to rewrite claims to preserve their validity." *Allen Engineering,

Corp.*, 299 F.3d 1336, 1349.  While courts cannot "rewrite claims to correct material errors . . . ",

*Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1370 (Fed. Cir. 2006),[1] they do

have the authority to correct "obvious minor typographical and clerical errors in patents[,]" referred

---

[1]  Examples of cases in which errors have been held to be material and not correctable include
*Group One, Ltd.*, 407 F.3d at 1302-03 (holding that the omission of claim language was not correctable
because it was impossible to discern what language was missing simply by reading the patent); *Southwest
Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1296 (Fed. Cir. 2000) (holding that the omission of an
appendix with 330 pages of text was not an error subject to correction by the district court); *Better Bags,
Inc. v. Redi Bag USA LLC*, No. H-09-3093, 2011 WL 240408, *11 n. 4 (S.D. Tex. Jan. 21, 2011)
(refusing to correct patent to add "at least a portion of" to specification because the error was not evident
from the face of the patent and was subject to reasonable debate).

to as "*Essex*-type errors."[2] *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003); *see also Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005) (per curiam) (recognizing that a district court has authority to correct harmless errors in patents). An error is correctable by a district court only where "the error is evident from the face of the patent." *Novo Indus., L.P.*, 350 F.3d at 1357. Even then, "[a] district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Id.*; *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 654 F.3d 1353, 1358 (Fed. Cir. 2011); *Better Bags, Inc. v. Redi Bag USA LLC*, No. H-09-3093, 2011 WL 240408, *11 n. 4 (S.D. Tex. Jan. 21, 2011). Whether these requirements have been satisfied must be assessed from the viewpoint of those skilled in the art. *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1353 (Fed. Cir. 2009); *see also Energizer Holdings, Inc.*, 435 F.3d at 1370 (Fed. Cir. 2006) ("Claim definiteness is analyzed not in a vacuum, but always in light of the teachings of the prior art and of the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art.").[3]

---

[2] *See I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429 (1926) (upholding the district court's addition of a word to correct a patent claim).

[3] Examples of cases finding minor errors that are correctable are *Ultimax Cement Mfg. Corp.*, 587 F.3d at 1353 (correcting patent when the claimed formula corresponded to no known mineral and one of ordinary skill in the art would recognize that the formula should contain a comma); *Lemelson v. Gen. Mills, Inc.*, 968 F.2d 1202, 1203 & n. 3 (Fed. Cir. 1992) (allowing the word "toy" to be added to a claim where the patent was clearly directed at a toy trackway rather than an actual trackway); *Blackboard, Inc. v. Desire2Learn, Inc.*, No. 9:06-CV-155, 2007 WL 2255227, *12 (E.D. Tex. Aug. 3, 2007) (correcting the term "redefined" to read "predefined" as consistent with other parts of the patent); *E-Watch, Inc. v. March Networks Corp.*, No. 9:06-CV-25, 2006 WL 2239069, *8 (E.D. Tex. Aug. 4, 2006) (correcting omission of the word "of" in front of "surveillance" in patent claim).

Here, the error is a material limitation of the patent claim that Plaintiff has failed to correct.[4]

*See Group One, Ltd.*, 407 F.3d 1297, 1303;[5] *Allen Engineering, Corp.*, 299 F.3d 1336, 1349. Even

if the missing language is construed as minor, it is not evident on the face of the patent.  The

prosecution history discloses that the missing language was required, but it is impossible to tell what

language is missing simply by reading the patent.  The fact that the missing language appears in

Claim 1 of the patent is not a legitimate basis for adding it to Claim 9.  *See Group One, Ltd.*, 407

F.3d at 1302 n. 4 (rejecting argument that other claims should be construed to include additional

language required by the patent examiner for a single claim).  As for Plaintiff's argument that the

no-call limitation appears in the specification, Plaintiff did not cite to the portion of the specification

upon which it relies.  Moreover, it would be improper for the Court to import a limitation from the

specification into the claim.   *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (en

banc).  The Court has no authority to correct the patent under these  circumstances.  *See CBT Flint*

*Partners, LLC*, 654 F.3d at 1358; *Novo Indus., L.P.*, 350 F.3d at 1357;  *Better Bags, Inc.*, 2011 WL

240408 at *11 n. 4.  Defendant's motion for summary judgment should be granted as to this issue,

and Plaintiff's allegation of infringement with respect to Claim 9 of the '955 patent should be

dismissed.

---

[4] Although Plaintiff asserted that it did not know about the omission, Defendant submitted evidence that Plaintiff knew at the latest by October 29, 2012, and failed to correct it. (Doc.  35 at 4.)

[5]  Defendant depends heavily on *Group One, Ltd.,* arguing that the missing language in Claim 9 was required by the patent examiner and therefore the omission itself automatically makes Claim 9 invalid. (Doc.  29 at 8-10.)  The patent claim in *Group One, Ltd.,* had language that the patent examiner specifically required to include as a condition of issuance, but were omitted.  *See* 407 F.3d at 1303.  The prosecution history of Claim 9, however, does not indicate that the omitted sentence was specifically required by the patent examiner.  (Doc.  29-3 at 8-9.)  Rather, the omitted language seems to have been already in existence and the patent examiner underlined a specific portion to be edited that was not the omitted language.  (*Id.*)  *Group One, Ltd.,* is still relevant on the issue of material omission that was uncorrected, however.

**C.** **Claim 17**

Defendant contends that Claim 17 of the patent is indefinite and invalid because it recites two classes of statutory subject matter, and it creates confusion as to when infringement occurs. Plaintiff responds that Claim 17 does not combine two classes of invention; instead, it claims an apparatus or system with certain functional limitations.[6] (Doc. 32 at 15.) Plaintiff also argues that it is clear that infringement occurs when one manufactures an IP phone with the capability described in Claim 17. (*Id*. at 17.)

> Claim 17 of the 955 patent reads as follows:
>
> A tangible computer readable medium encoded with computer program for performing contextual searches on an Internet Phone (IP) phone comprising the steps of:
>
> receiving a command to perform a contextual search;
>
> receiving a search criteria from a user of said IP phone;
>
> submitting said search criteria to a server couple to said IP phone; and
>
> receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list;
>
> **wherein said user completes a transaction with at least one of said merchants listed without the need to generate a voice call;**
>
> wherein said information received by said user comprising a variety of offers, **wherein said user selects one of said variety of offers associated with said one of said merchants listed**, wherein said selected offer is transmitted to said one of said merchants listed electronically; and
>
> wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is

---

[6] Plaintiff also argues that because a claim is presumed to be valid and Defendant has not even attempted "to rebut the potential for narrowing construction[,]" Defendant's motion should be denied. (Doc. 32 at 17.) Because Defendant shows Claim 17's indefiniteness, this argument should be overruled.

available to said one of said merchants listed.

(Doc. 29-2 at 43-44.)  The text at issue appears in boldface type.

The Patent Act specifies four independent classes of inventions eligible for patent protection: processes, machines (apparatus), manufactures, and composition of matter.  *Bilski v. Kappos*, ___ U.S. ___, 130 S. Ct. 3218, 3225 (2010) (citing 35 U.S.C. § 101); *Application of Prater*, 415 F.2d 1393, 1395 n. 11 (C.C.P.A. 1969).  Defendant argues that Claim 17 is indefinite, similar to the patent claims invalidated in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377 (Fed. Cir. 2005) and *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011).  (Doc.  29 at 10-12.)  In *IPXL Holdings*, the Federal Circuit held a patent claim which recited both an apparatus and a method of using the apparatus indefinite and invalid because it was unclear when infringement would occur.  430 F.3d at 1384 (Fed. Cir. 2005) (The offending language read: '*The system of claim 2* wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, *and the user uses the input means . . . .*") (emphasis added).  And in *In re Katz*, the court compared the language at issue in *IPXL Holdings* and found similar language in the patent at issue.  639 F.3d at 1318 ("Like the language used in the claim at issue in *IPXL* ('wherein . . . the user uses"), the language used in Katz's claims ('wherein . . . callers digitally enter data' and 'wherein . . . callers provide . . . data') is directed to user actions, not system capabilities.").

The courts that have applied *IPXL Holdings* to invalidate claims focus on whether the claim language is directed to user actions rather than system capabilities.  *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (holding a patent claim invalid for claiming both an apparatus and a method of use where the claims stated "wherein . . . callers

digitally enter data" and wherein . . . callers provide . . . data"); *Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp.2d 305, 328-31 (D. Del. 2010), *aff'd*, 675 F.3d 1324 (Fed. Cir. 2012) (finding patent claims indefinite for combining a composition and a process limitation where the claims stated that a stock solution "forms or *is used to form*" an injectable solution).

Plaintiff cites to *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367 (Fed. Cir. 2008) as the controlling authority supporting its position that Claim 17 does not create infringement confusion. (Doc. 32 at 16.) The *Microprocessor* court ruled that "[m]ethod claim preambles often recite the physical structures of a system in which the claimed method is practiced" and upheld the patent claims in question. 520 F.3d at 1374 (Fed. Cir. 2008)  The Court distinguished *IPXL* by stating that "[t]he conclusion of *IPXL Holdings* was based on the lack of clarity as to when the mixed subject matter claim would be infringed[ ]" and the claim in question "is clearly limited to *practicing* the claimed method in a pipelined processor possessing the requisite structure." *Id.* at 1375.

As Defendant notes, *Microprocessor* analyzed patent claims that were method claims employing structural language, as opposed to Claim 17, an apparatus claim that includes method steps. (Doc. 35 at 7.)  Other courts that have affirmed patent apparatus claims found that they included functional limitations and not method steps. *See Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 904 (Fed. Cir. 2013) (holding that the patent recited apparatus claims with functional limitations that described the capability of the heart rate monitor); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 810 F. Supp.2d 795, 812 (E.D. Tex. 2011) (finding that claims were not indefinite because the "operable to" language denoted functional limitations of the apparatus rather than method steps).

Here, the language employed in Claim 17 states that "wherein said user completes a

transaction" and "wherein said user selects" an offer.  These are similar to the language used in *IPXL*

*Holdings* and *In re Katz*.  The language used does not merely describe functional limitations of the

apparatus as Plaintiff argues, but is instead directed toward user action.  *See In re Katz*, 639 at 1318.

Claim 17 thus creates genuine confusion as to when infringement occurs, e.g., when one

manufactures the IP phone described in Claim 17 or when the user uses the IP phone to complete

a transaction using the no-call feature.  *Id.*  As a result, Claim 17 is indefinite and invalid because

it combines two statutory classes of invention in a single claim.[7]  *See Id.*; *IPXL Holdings*, 430 F.3d

at 1384; *Aventis Pharma S.A.*, 743 F. Supp.2d at 328-31.  Defendant's motion for summary

judgment should be granted as to this issue, and Plaintiff's allegation of infringement with respect

to Claim 17 of the '955 patent should be dismissed.

## IV.  PATENT MISUSE DEFENSE

Defendant also seeks a declaration that Plaintiff engaged in patent misuse by attempting to

enforce Claim 9 despite having knowledge that it was invalid and unenforceable.  (Doc. 29 at 13-

15.)  Patent misuse is an affirmative defense to infringement.  *Windsurfing Int'l, Inc. v. AMF, Inc.,*

782 F.2d 995, 1001 (Fed. Cir.1986).  Because the Court is recommending dismissal of Plaintiff's

claim for infringement of Claim 9, it is unnecessary to address Defendant's patent misuse defense.

*Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-80498-CIV., 2009 WL 790116, *3 n. 4 (S.D. Fl. Mar.

24, 2009) ("The dismissal of Plaintiffs' patent infringement claims moots the patent misuse

affirmative defense."); *Bally Techs., Inc. v. Bus. Intelligence Sys. Solutions, Inc.,* No. 2:10-CV-

00440-PMP-GWF, 2012 WL3656498, *4 (D. Nev. Aug. 23, 2012) (denying a summary judgment

---

[7] Plaintiff also argues that since its patent was filed after the 1999 Board of Patent Appeals case that was a basis of *IPXL Holdings* and *In re Katz*, presumably the PTO has used its own standard and issued the '955 patent; therefore, Claim 17 is valid.  (Doc.  17-18.)  Plaintiff cites no authority to support this argument and the Court also did not find support for this assertion and should be overruled.

motion on patent misuse as moot after resolution of infringement claims); *Eurand Inc. v. Mylan Pharm. Inc.*, No. 08-889-SLR, 2009 WL 3172197, \*2 (D. Del. Oct. 1, 2009) (noting that patent misuse claim may be rendered moot by resolution of infringement issues).  Defendant's motion should be denied as moot as to this issue.

## V.  RECOMMENDATION

The motion for summary judgment should be **GRANTED** as to Plaintiff's infringement claims related to claims 9 and 17 of the '955 patent,[8] and **DISMISSED as moot** as to Defendant's affirmative defense of patent misuse.

**SO RECOMMENDED**, this 30th day of August, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8]  Defendant's motion did not seek dismissal of the entire action; moreover, reference to the complaint does not clearly indicate whether Plaintiff's infringement claim related solely to Claims 9 and 17 of the '955 patent.  Given the uncertainty, no judgment should be entered at this time.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE