UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| H-W TECHNOLOGY, LC,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | CIVIL ACTION NO. |
| VS.  ) | |
| ) | 3:12-CV-0636-G (BH) |
| OVERSTOCK.COM. INC., ET AL.,  ) | |
| ) | |
| Defendants.  ) | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge and the plaintiff's objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned district judge is of the opinion that the findings and conclusions of the magistrate judge are correct and they are accepted as the findings and conclusions of the court.

While the court agrees with the recommendation of the magistrate judge, it does note that the findings and conclusions of the magistrate judge do not address the plaintiff's filing of a "Declaration" on June 14, 2013, attached to which is a

Certificate of Correction showing that the plaintiff amended Claim 9 of its '955 patent on May 28, 2013, to insert a previously omitted clause. *See* Declaration of Winston Huff (docket entry 54). The "declaration" states that it was filed to supplement the plaintiff's response to the defendant's motion for summary judgment. *Id.* The plaintiff made this filing nearly four months after filing its response to the defendant's motion for summary judgment, without requesting leave of the court or notifying the court that it had made such a filing. Furthermore, the "declaration" was accompanied by neither a certificate of service nor a certificate of conference, so the court can only assume that the plaintiff also did not notify the defendant that it had made this filing, depriving the defendant of the opportunity to file a responsive pleading. Because the plaintiff filed the "declaration" several months after its response, without leave of the court, consent of the defendant, or notice to either the court or the defendant, the magistrate judge was correct in refusing to acknowledge the "declaration" in her recommended disposition of the motion for summary judgment. See *Springs Industries, Inc. v. American Motorists Insurance Company*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.) ("where a [party] has injected new evidentiary materials in a [pleading] without affording the [opposing party] an opportunity for further response, the court . . . retains the discretion to decline to consider them"); *K.G.S. v. Kemp*, 4:11-CV-0303-A, 2011 WL 4635002, at *1 n.1 (N.D. Tex. Oct. 5, 2011) (McBryde, J.) (disregarding an amended response that was

filed after a reply "without obtaining either consent of the defendants or leave of court").

For the reasons stated in the findings, conclusions, and recommendation, it is **ORDERED**, **ADJUDGED** and **DECREED** that defendant Overstock.com, Inc.'s motion for summary judgment, filed January 28, 2013, is hereby **GRANTED** in part and **DENIED** in part as moot. Plaintiff's infringement claim is **DISMISSED** with prejudice as it relates to claims 9 and 17 of the '955 patent.

September 23, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**