**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| H-W TECHNOLOGY, L.C. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-636-G |
| | § | |
| OVERSTOCK.COM, INC., | § | |
|     Defendant. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Standing Order of Reference* filed March 5, 2012, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Defendant's Motion for Exceptional Case Finding and Award of Attorneys' Fees and Expenses*, filed November 1, 2013 (doc. 73), and *H-W Technology, L.C.'s Opposed Motion for Leave to File Surreply in Support of Its Response in Opposition to the Defendant's Motion for a Finding of Exceptional Case and Costs*, filed December 17, 2013 (doc. 80). Based on the relevant filings and applicable law, the defendant's motion for attorneys' fees should be **DENIED**. The plaintiff's motion for leave to file a sur-reply is **DENIED**.

## I. BACKGROUND

On April 28, 2009, the United States Patent and Trademark Office (PTO) issued United States Patent No. 7,525,955, entitled "Internet Protocol (IP) Phone with Search and Advertising Capability" (the '955 patent). (Doc. 1 at 3.)[1] The '955 patent is "directed to novel, unique and non-obvious systems and methods of using a multi-convergence device, including phones commonly

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

referred to as 'smartphones,' which are able to converge voice and data within a single terminal, and which allow users of such devices via domain specific applications to receive information and offers from merchants and to complete a transaction with one of said merchants without having to generate a voice call." (*Id*.)  The '955 patent contains 24 patent claims, consisting of three independent claims (claims 1, 9, and 17) and 21 dependent claims.  (Doc. 40-1 at 43-44.)

On March 1, 2012, H-W Technology L.C. (Plaintiff) filed this patent infringement action, alleging that it owns all the rights to the '955 patent, and that Overstock.com,Inc. (Defendant) has infringed it. (Doc. 1 at 3.)  Defendant counterclaimed, seeking a declaration that it is not infringing the '955 patent, and that it is invalid and unenforceable.  (Doc. 12 at 1, 5-8.)

Defendant moved for summary judgment on January 28, 2013.  (Doc. 29.)  It argued that claim 9 was invalid because it was missing a material element, that claim 17 was invalid because it included both an apparatus and a method, and that Plaintiff engaged in patent misuse.  (*Id.*) Plaintiff responded that the missing element in claim 9 was correctable, that claim 17 was "clearly directed to a system or apparatus," and that it did not engage in patent misuse.  (Doc. 32.)  While the motion was pending, and after Plaintiff had responded to the motion, it sought and obtained a certificate of correction from the PTO that corrected claim 9 to include the missing element. (*See* doc. 54.)  Almost three months after filing its opposition, it sought to submit the certificate of correction without leave of court, and its request was denied.  (*See* docs. 54, 57, 62.)  On August 30, 2013, it was recommended that Defendant's motion for summary judgment be granted, and that both claims 9 and 17 be declared invalid. (Doc. 57.)  The recommendation was accepted (doc. 62), and Plaintiff appealed (doc. 66).  The Federal Circuit held oral argument and issued a precedential written opinion affirming the decision, but striking the finding that claim 9 was invalid only because

the claim, as corrected, had not yet been litigated. *See H-W Technology, L.C. v. Overstock.com,Inc.*, No. 2014-1054, 2014 WL 3377128 (Fed. Cir. July 11, 2014).

On November 1, 2013, Defendant moved for an exceptional case finding and for attorneys' fees and expenses under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority. (Doc. 73.) Plaintiff filed its response on November 22, 2013 (doc. 76), and Defendant filed a reply on December 6, 2013 (doc. 78). On December 17, 2013, Plaintiff filed an opposed motion to file surreply to address what it alleges were new arguments raised by Defendant in its reply. (Doc. 80.)

On April 29, 2014, the Supreme Court altered the legal standard relied on by Defendant to determine whether a case is exceptional under § 285. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014). On June 18, 2014, the parties were directed to submit supplemental briefs addressing the new *Octane* standard. (Doc. 85.) Defendant filed its supplemental brief on June 27, 2014 (doc. 86), Plaintiff filed its supplemental brief on June 30, 2014 (doc. 87), and the motions are now ripe for recommendation.

## II. MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff requests leave to file a sur-reply to address Defendant's alleged new arguments in its reply brief. (Doc. 80.)

The purpose of filing a reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Info–Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07–CV–0937–P, 2008 WL 5552245, at *8 (N.D. Tex. Dec.31, 2008) (citation and internal quotation marks omitted). For this reason, "a court generally will not consider arguments raised for the first time in a reply brief." *Pennsylvania Gen. Ins. Co. v. Story*, No. CIV.A.3:03–CV–0330–G, 2003 WL 21435511, at

*1 (N.D. Tex. June 10, 2003) (citations omitted). An exception may be made, however, and leave to file a sur-reply may be granted, to allow the "nonmovants ... a chance to respond" to the movant's newly-asserted theories or evidence. *See id.* Leave to file a sur-reply is unwarranted, however, where the proposed sur-reply merely restates the arguments made in the party's initial response. *See, e.g., Williams v. Aviall Serv. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003) (affirming denial of motion for leave to file a sur-reply because it did not include additional arguments or evidence).

Here, Plaintiff has not shown any justification for a sur-reply. Defendant's alleged assertion of inaccurate facts does not amount to new evidence. *See Branton v. City of Dallas*, No. Civ.A:3:97-CV-0245-P, 1999 WL 765646 (N.D.Tex. Sept. 23, 1999) (denying motion for leave to file a sur-reply correcting inaccuracies in the reply, finding "that no justification for the filing of materials outside the normal course of briefing has been shown.") *rev'd on other grounds, Branton v. City of Dallas*, 272 F.3d 730 (5th Cir. 2001). The only plausible new argument raised by Defendant, i.e., that Plaintiff was obligated to identify how Defendant performed the missing element from claim 9, has not been considered. The parties were ordered to submit additional briefs on the impact of *Octane* decision, and both parties submitted supplemental briefs accordingly. *See Lurie v. Meserve*, 214 F.Supp.2d 546, 548 (D. Md. 2002) (ruling that because parties had an opportunity to file supplemental briefs, the plaintiff's motion for leave to file a sur-reply was moot). Plaintiff's motion for leave to file a sur-reply therefore is **DENIED**.

### III. MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant seeks to recover its attorneys' fees and costs pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent authority. (Doc. 73.)

**A.      35 U.S.C. § 285**

Section 285 authorizes courts to award attorneys' fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285. The purpose of § 285 is to compensate the prevailing party for the costs incurred as a result of the losing party's unreasonable conduct. *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) ("[I]t is clear that the aim of § 285 is to compensate a defendant for attorneys' fees it should not have been forced to incur."). The issue of attorneys' fees in patent infringement cases pursuant to § 285 is controlled by Federal Circuit law. *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001) ("[A]warding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law."). Courts deciding whether to award fees in patent cases engage in a two-step analysis. *See Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1467-68 (Fed. Cir. 1997); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004). They first determine whether the case is "exceptional"; if so, then they determine whether an award of attorneys' fees is appropriate. *Id.*

  ***1.      Exceptional Case***

Defendant contends that Plaintiff brought a frivolous infringement suit that merits a finding that the case is exceptional. (Doc. 86 at 4-5.)

In *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), the Federal Circuit established its standard for finding a patent case "exceptional": the district court must either find litigation-related misconduct that is independently sanctionable, or that the lawsuit was "brought in subjective bad faith" *and* "the litigation is objectively baseless." *Id.* The Supreme Court recently found this standard "overly rigid." *Octane*, 134 S.Ct. at 1756. Looking to the ordinary meaning of "exceptional", it held that "an 'exceptional' case is simply one that stands out

from others with respect to the substantive strength of a party's litigating position (considering both the government law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* Accordingly, courts should exercise their discretion in determining whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. *Id.* The Supreme Court noted that "in the *rare* cases" when a party's unreasonable conduct is found to be "exceptional," an award of attorneys' fees is justified. *Id.* at 1757 (emphasis added). Further, "a case presenting either subjective bad faith *or* exceptionally meritless claims may sufficiently *set itself apart* from mine-run cases to warrant a fee award." *Id.* (emphasis added). The standard of proof is a preponderance of the evidence. *Id.* at 1758.

      **a.**    **Claim 9**

Defendant asserts that Plaintiff brought a frivolous infringement claim because it knew claim 9 was invalid prior to filing a suit. (Docs. 73 at 10; 74-2 at 13, 19-20; 86 at 3-4.) It alleges that Plaintiff was notified repeatedly about the missing element in claim 9, but it failed to take any action. (Docs. 73 at 10; 74-3 at 2; 86 at 4.)

Plaintiff took a consistent position on the claim 9's missing element, arguing that the omission was merely a printing mistake on the part of the PTO, that it was evident on the face of the patent, and that "one skilled in the art would understand the bounds of claim 9 when read in light of the specification." (Docs. 32 at 9-12; 60 at 7.) The missing language was in fact included in claim 1. (*See* 361-1 at 43.) Because courts do have the authority to correct an error that is "evident from the face of the patent[,]" it asked the Court to make the correction. (Doc. 32 at 11); *see Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) (citing *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003)). Since there was a mechanism for

correction, and Plaintiff's argument was not unreasonable on its face, its substantive position was "for the most part, meritorious, [and] not frivolous." *Motorola, Inc.*, 121 F.3d at 1468. Plaintiff's actions or inactions related to claim 9 do not themselves "stand out from others with respect to the substantive strength of [its] litigating position" or show that Plaintiff litigated the case in an unreasonable manner. *See Octane*, 134 S.Ct. at 1756.

Defendant further asserts that Plaintiff's intentional bad faith is evidenced by the fact that it continued to assert its infringement claim even after claim 9 was corrected. (Docs. 73 at 11-12; 86 at 4.) Once Plaintiff obtained the certificate of correction on claim 9, the corrected claim applied only to actions brought after the correction was issued. *See Novo Indus.*, 350 F.3d at 1356-57 (noting that "certificates of correction issued by the PTO" apply only in actions brought after the certificates were issued). Plaintiff took the position that the corrected claim 9 should have been considered without amending its pleadings. (*See* docs. 32 at 11; 60 at 5-7; 88 at 9-10.) It made the same argument before the Federal Circuit. *See H-W Technology, L.C.*, 2014 WL 3377128 at *4. Plaintiff may have asserted a losing argument, but this does not amount to the type of extraordinary misconduct reserved for finding a case exceptional. *See Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 650 F.3d 1305, 1315 (Fed. Cir. 2010) ("Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless; all of the circumstances must be considered."); *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1369 (Fed. Cir. 2007) ("Merely negligent conduct does not suffice to establish that a case is exceptional.").

      **b.**    <u>**Claim 17**</u>

Defendant argues that Plaintiff brought a frivolous infringement action because it acknowledged that claim 17 only applied to the manufacturer of an IP phone but continued to pursue

an infringement claim against a defendant who is not a manufacturer of an IP phone. (Docs. 73 at 12; 86 at 4.) Plaintiff did argue that the infringing actor of claim 17 is "the manufacturer of the IP phone capable of completing certain merchant transactions." (Docs. 32 at 17; 60 at 10.) It admitted that it was Defendant's "smartphone application" that was the accused product at issue. (Doc. 76 at 11.) As asserted, claim 17 does not seem to apply to Defendant. This still does not turn the case into an exceptional one, however. *See e.g. EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*, No. 12-cv-01011-JST, 2014 WL 3726170, at *5 (N.D. Cal. July 25, 2014) (observing that even though the plaintiff's conduct was difficult to explain–e.g., significant delays with little purpose, one of its own arguments "vitiated . . . one of its primary infringement theories[,]" and some of its infringement argument was "quite stretched[,]"–but ruled that it was not an exceptional case).

### c.     **Baseless Claim Construction**

Defendant asserts that Plaintiff relied on an English as a second language dictionary to argue that the definition of "user" included "things," while representing to the Court that the definition was from a general purpose Mirriam-Webster dictionary. (Doc. 73 at 13.) It contends that the misrepresentation shows bad faith and supports its argument for finding this an exceptional case. (*Id.*) According to the citation provided by Plaintiff, however, i.e., www. merriam-webster.com/dictionary/user (doc. 48 at 12 n. 26), the online Mirriam-Webster dictionary defines user as "a person or thing that uses something[.]" User definition, *Mirriam-Webster.com*, *available at* http ://www. merriam-webster.com (last visited Aug. 4, 2014). This is the definition Plaintiff asserted. (*Id.* at 11-12.) Defendant has not shown that Plaintiff made a misrepresentation.

### d.     **Material Misstatements**

Defendant further contends that Plaintiff made material misstatements to the Court, and that

Plaintiff consistently failed to act in reasonable professional standard. (Doc. 73 at 22-23.)

Defendant alleges that Plaintiff made material misstatement to the Court when it argued that Defendant's motion for summary judgment was a premature Rule 12(b)(6) motion. (Doc. 73 at 23.) Plaintiff did mention Rule 12(b) in its opposition to Defendant's motion for summary judgment. (*See* doc. 32 at 13, 15.) It did not allege that Defendant's motion for summary judgment was premature, however. (*See id.*) Even if it had made that argument, it is unclear how it would be a material misrepresentation. Plaintiff's mere reference to Rule 12(b) in its opposition to Defendant's motion for summary judgment does not amount to material misrepresentation to the Court.

Defendant also argues that Plaintiff relied on a case that was explicitly overruled to argue that extrinsic evidence should be given more weight than intrinsic record. (Doc. 73 at 23.) Plaintiff cited to *Texas Digital Systems, Inc. v. Telegenix*, 308 F.3d 1193 (Fed. Cir. 2002), when it argued the importance of considering general dictionary definition of a general term. (Doc. 59 at 8.) It did not, however, argue that the dictionary definition should be given more weight than intrinsic evidence. Rather, it asserted that as against Defendant's extrinsic evidence, a technical dictionary, a general purpose dictionary is no more illustrative and urged the Court to adopt the general dictionary meaning that is *consistent with the intrinsic record*. (*Id.*) Plaintiff's argument is consistent with *Phillips v. AWH Corp.*, 415 F.3d 1303, 1319-24 (Fed. Cir. 2005), the case that Defendant asserts overruled *Texas Digital*. There, the court stated that "[d]ictionaries or comparable sources are often useful to assist in understanding the commonly understood meaning of words that have been used by our court and the Supreme Court in claim interpretation." *Id.* at 1322. The *Phillips* court did disagree with the *Texas Digital* court's greater emphasis on the extrinsic evidence, i.e., a dictionary, over the intrinsic evidence. *Id.* Plaintiff did not cite to *Texas Digital* to argue that extrinsic evidence

should be given more weight than intrinsic record, however, and did not make a material misrepresentation.

Defendant contends that Plaintiff made a material misrepresentation to the Court when it cited to the patentee's deposition testimony and argued the patentee's "lexicography govern[ed]." (Doc. 73 at 23.) Plaintiff argued that the patentee had intended "IP Phone" to have a broad meaning, citing to the inventor's deposition testimony, and asserted that his "lexicography govern[ed]." (Doc. 39 at 18.) Plaintiff therefore sought to broaden the definition of "IP Phone" by relying on extrinsic evidence. (Doc. 39 at 18.)  The patentee's own definition of a term governs only when he "acted as his own lexicographer" and clearly set the definition in the specification of the patent or prosecution history. *See CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) ("[T]he claim term will not receive its ordinary meaning if the patentee acted as his own lexicographer and clearly set forth a definition of the disputed claim term in either the specification or prosecution history.")  Here, there was no clear definition set out by the patentee in the specification or prosecution history.  Plaintiff's argument may be overbroad, but it does not amount to a material misrepresentation. *See Aspex Eyewear*, 650 F.3d at 1315; *see also EON Corp.*, 2014 WL 3726170 at *5.

  e. **Totality of the Circumstances**

When the case is considered from the totality of the circumstances, as directed by *Octane*, all of Plaintiff's losing arguments still do not "stand out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated[]" to merit a finding of an exceptional case. *Octane*, 134 S.Ct. at 1756. The Federal Circuit did not consider Plaintiff's arguments frivolous as evidenced by the fact that it held oral argument

and issued a precedential written opinion. *H-W Technology, L.C.*, 2014 WL 3377128; *see iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1379 (Fed. Cir. 2011) ("[T]he fact that [the Federal Circuit] held oral argument and issued a precedential written opinion in the first appeal suggests that we did not regard the case as frivolous."). Defendant fails to show Plaintiff's arguments were so rare and exceptional "from mine-run cases to warrant a fee award." *Octane*, 134 S.Ct. at 1757.

### 2.  *Award of Attorneys' Fees*

Even if the case was exceptional, courts must separately determine whether an award of attorneys' fees is appropriate. *See Motorola, Inc.*, 121 F.3d at 1468. In determining whether to award attorneys' fees, courts consider "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).

Here, Plaintiff's arguments were found to be without merit in the end, but they were not clearly frivolous. *See iLOR, LLC*, 631 F.3d at 1379. All of the proceedings in this case were conducted by written submissions in relatively timely manner. Aside from the legal arguments that ultimately did not prevail, Defendant does not allege any unreasonable conduct or delay caused by Plaintiff. There are no other factors that merit an award of attorneys' fees. Defendant's motion for attorneys' fees under § 285 should therefore be **DENIED**.

## B.  28 U.S.C. § 1927

Defendant argues in the alternative that Plaintiff brought a suit against it "unreasonably and vexatiously," entitling it to recover costs and fees pursuant to 28 U.S.C. § 1927. (Doc. 73 at 23.)

Section 1927 of the United State Code, Title 28, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable *and* vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994). The Fifth Circuit has held this standard requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that it would be inappropriate under § 1927 to shift the entire financial burden of an action's defense except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir.1996) (quoting *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994)). Under § 1927, monetary sanctions for expenses, costs, and attorneys' fees may be "imposed only on offending attorneys; clients may not be ordered to pay such awards." *Matta v. May*, 118 F.3d 410, 413–14 (5th Cir.1997) (citing *Travelers Ins. Co. v. St. Jude's Hosp.*, 38 F.3d 1414, 1416 (5th Cir.1994)).

Defendant seeks attorneys' fees and costs under § 1927 for the same reasons it seeks attorneys' fees under § 285. (Doc. 73 at 23-24.) As noted, while it contends that this suit was frivolous and that Plaintiff acted unreasonably, (*id.*), Plaintiff's appeal on those same claims was heard by the Federal Circuit and resulted in a precedential written opinion. *See H-W Technology,*

*L.C.*, 2014 WL 3377128. Moreover, even if Plaintiff's claims against Defendant were baseless, it does not mean they were brought in bad faith or for an improper purpose. *See EsNtion Records, Inc. v. TritonTM, Inc.*, No. 3–07–CV–2027–L, 2010 WL 3446910, at *5 (N.D. Tex. Aug.31, 2010) (that party was forced to defend against "objectively unreasonable" claims for which there was no evidence does not support an award for attorney's fees under § 1927); *Oblio Telecom, Inc. v. Patel*, No. 3–08–CV–0279–L, 2010 WL 99353, at *3 (N.D. Tex. Jan.8, 2010) ("bad faith" of counsel in bringing lawsuit or vexatiously multiplying proceedings cannot be inferred from pleadings alone). Because Defendant has failed to meet its burden to establish that the proceedings were both unreasonable and vexatious, it would not be appropriate under § 1927 to shift the entire financial burden of the action's defense. *See Calhoun*, 34 F.3d at 1297. Accordingly, its request for attorneys' fees against Plaintiff under § 1927 should also be **DENIED**.

C.     **Court's Inherent Authority**

Defendant also generally moves for sanctions under the Court's inherent power. (Doc. 73. at 24-25.)

Courts can exercise their inherent power to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975), when the party practices a fraud upon the court, *Universal Oil Products Co. v. Root Refining Co.*, 421 U.S. 240, 259 (1946), or when a party delays or disrupts the litigation or hampers a court order's enforcement, *Hutto v. Finney*, 437 U.S. 678, 689 (1978). The type of action that implicates courts' exercise of inherent power is more serious than that of § 285. *See Octane*, 134 S.Ct. at 1759 (noting that one of the reasons it rejects *Brooks Furniture* is because its standard is too demanding that it made § 285 "largely superfluous[,]"

because courts have inherent power to award attorneys' fees in cases where the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

As Defendant fails to meet the lower bar for attorneys' fees under § 285, it also fails to meet the more stringent standard for the Court to exercise its inherent power. Defendant's motion for attorneys' fees and costs under the Court's inherent power should be **DENIED**.

### IV.  CONCLUSION

Defendant's motion for exceptional case finding and award of attorneys' fees and expenses should be **DENIED**. Plaintiff's motion for leave to file surreply is **DENIED**.

**SO RECOMMENDED on this 15th day of August, 2014.**

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE